[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 5, 2010
JOHN P. LEY
ACTING CLERK

_____

No. 08-13841
Non-Argument Calendar

_____

Agency No. A96-440-702

SUGENG SUWANDI,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(January 5, 2010)

Before CARNES, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Sugeng Suwandi, a native and citizen of Indonesia, through counsel, seeks review of the Board of Immigration Appeals's (BIA's) order dismissing his appeal of the Immigration Judge's (IJ's) order denying his application for asylum and withholding of removal under the Immigration and Nationality Act (INA), and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman and Degrading Treatment or Punishment (CAT), pursuant to INA §§ 208, 241, 8 U.S.C. §§ 1158, 1231; 8 C.F.R. § 208.16(c). Suwandi claims that he was persecuted because of his status as a Chinese Christian. We address each claim in turn.

## I. Due Process

Suwandi argues that his due process rights were violated because he did not receive a full and fair hearing as the IJ did not adequately question him regarding his allegations that he was persecuted on the basis of his race or religion. However, we "lack jurisdiction to consider a claim raised in a petition for review unless the petitioner has exhausted his administrative remedies with respect thereto." *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006); *see* 8 U.S.C. § 1252(d)(1) (stating the exhaustion requirement applicable to immigration cases). Although exhaustion may not apply to all due process claims, it applies to claims for which the BIA can provide a remedy. *Amaya-Artunduaga*, 463 F.3d at 1251.

2

Because he failed to exhaust his administrative remedies, we lack jurisdiction to consider Suwandi's due process claim.

## II. Asylum

Suwandi claims that the IJ erred in denying his claim for asylum, and the BIA erred in dismissing his appeal. He argues that the events he described proved that he had both a subjective and objective well-founded fear of future persecution.

An alien can apply for asylum if he or she "demonstrates by clear and convincing evidence that the application has been filed within 1 year after the date of the alien's arrival in the United States." INA § 208(a)(2)(B), 8 U.S.C. § 1158(a)(2)(B). However, we do not have jurisdiction to review an agency's determination that an applicant's asylum application was untimely, except to the extent that the applicant's claim raises questions of law or constitutional claims. *See* 8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(D). Moreover, "[w]hen an appellant fails to offer argument on an issue, that issue is abandoned." *Sepulveda v. U.S. Atty. Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

Suwandi abandoned his asylum claim because the timeliness of the claim was dispositive, and he failed to address the timeliness issue on appeal. Even if the issue were not abandoned, we lack jurisdiction to review whether Suwandi's asylum application was untimely because he has not raised any questions of law or constitutional claims in that regard.

3

### III. Withholding of Removal

Suwandi argues that he qualifies as a refugee on the basis of past persecution because his life repeatedly was threatened by an organization and individuals that had demonstrated an ability and an inclination to carry out their threats, although he does not identify the organization. Suwandi also argues that, based on the documentary evidence he presented, it is objectively reasonable that he would be targeted if he were forced to return to Indonesia. Finally, Suwandi notes that the overwhelming evidence demonstrates that he was persecuted on account of his race and religion.

When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's decision. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). Here, the BIA agreed with some of the IJ's findings but also made additional observations, so we review both the IJ's and the BIA's decisions.

To the extent that the BIA's decision was based on a legal determination, review is *de novo*. *Mohammed v. Ashcroft*, 261 F.3d 1244, 1247-48 (11th Cir. 2001). The BIA's factual determinations are reviewed under the substantial-evidence test, and we "must affirm the BIA's decision if it is 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" *Al Najjar*, 257 F.3d at 1283-84 (citation omitted). The substantial

4

evidence test is "deferential" and does not allow "re-weigh[ing] the evidence from scratch." *Mazariegos v. U.S. Att'y Gen.*, 241 F.3d 1320, 1323 (11th Cir. 2001).

In a withholding-of-removal claim, an alien shall not be removed to a country if his life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion. INA § 241(b)(3), 8 U.S.C. § 1231(b)(3). The alien must show that it is "more likely than not [he] will be persecuted or tortured upon being returned to [his] country." *Sepulveda*, 401 F.3d at 1232 (quotation omitted). This standard is more stringent than the "well-founded fear" standard for asylum. *Mazariegos*, 241 F.3d at 1324 n.2. "[P]ersecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation, and . . . mere harassment does not amount to persecution." *Sepulveda*, 401 F.3d at 1231 (quotations omitted).

> If the alien establishes past persecution in his country based on a protected ground, it is presumed that his life or freedom would be threatened upon return to his country unless the INS shows by a preponderance of the evidence that, among other things, (1) the country's conditions have changed such that the applicant's life or freedom would no longer be threatened upon his removal; or (2) that the alien could avoid a future threat to his life or freedom by relocating to another part of the proposed country of removal, and it would be reasonable to expect him to do so.

*Mendoza*, 327 F.3d at 1287. "An alien who has not shown past persecution, though, may still be entitled to withholding of removal if he can demonstrate a future threat to his life or freedom on a protected ground in his country." *Id.*

5

Having reviewed the record, we find no error in the BIA's determination that Suwandi's experiences did not constitute past persecution as all three of the instances of alleged persecution appeared to be criminally motivated, having no demonstrated nexus with any protected ground. We do not find that the BIA erred in concluding that Suwandi failed to meet his burden of proof for withholding of removal.

## IV. CAT Relief

Suwandi argues that he qualifies for CAT relief because he was persecuted in the past and has a well-founded fear of future persecution. This Court lacks jurisdiction to consider a claim not raised before the BIA, even when the BIA *sua sponte* considers the claim. *See Amaya-Artunduaga*, 463 F.3d at 1250. Thus, because he failed to raise it before the BIA, we lack jurisdiction to consider Suwandi's CAT claim.

**PETITION DISMISSED IN PART, DENIED IN PART**.